UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JJD ASSOCIATES OF PALM BEACH, LTD.,

        Plaintiff,

CASE NO. 9:11-CV-80247-XXXX

vs.

AMERICAN EMPIRE SURPLUS
LINES INSURANCE COMPANY,

        Defendant.
_____/

## PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE IN OPPOSITION TO DEFENDANT/COUNTER PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT

The Plaintiff/Counter-Defendant, JJD ASSOCIATES OF PALM BEACH, LTD., (hereafter "JJD") by and through the undersigned attorney, files this Response in Opposition to Defendant/Counter-Plaintiff, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY's (hereafter "AMERICAN") Motion for Final Summary Judgment and Costs and states as follows:

### INTRODUCTION

Plaintiff filed a lawsuit based on a first party property damage claim alleging a Breach of Contract by the Defendant for not paying a claim for damages resulting from a burglary to Plaintiff's property. Defendant filed a Counterclaim for Declaratory Relief.

Defendant then filed a Motion for Final Summary Judgment **[DE-22]** and based it solely on the testimony of David Ezagui, the President and Owner of Plaintiff, JJD, to determine the terms and conditions of the policy of insurance, which the Defendant, AMERICAN, drafted. Defendant, AMERICAN, has denied payment of this claim based on exclusions in its policy

1

which Defendant, AMERICAN, has interpreted in its benefit, to avoid payment of this claim. Plaintiff, JJD, believes there are genuine issues of material fact precluding summary judgment, including, but not limited to, the interpretation and ambiguity of the word "Building" as used in the Policy. Additionally, Defendant, AMERICAN, is basing its Summary Judgment on the testimony of one person, David Ezagui, without Plaintiff, JJD even being afforded the opportunity to depose Defendant, AMERICAN's person with most knowledge, to obtain information and its position, as a result of the delay tactics Defendant is using, including filing a Motion for Protective Order, which was denied in part by this Honorable Court. Because there is clearly a genuine issue of material fact, in addition to the fact that this is in the extremely early stages of discovery, Defendant's Motion for Summary Judgment should be denied.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Defendant, AMERICAN, alleges in its Motion for Final Summary Judgment a "Statement of Undisputed Material Facts" which states in part: "Plaintiff, JJD Associates of Palm beach, Ltd ("JJD") was the owner of a building located at 7440 Lake Worth Road, Lake Worth, Florida 33467. ….."

2. The Defendant uses this statement to allege that the Plaintiff owns a building with the address of 7440 Lake Worth Road, which is true; what the Defendant neglects to mention, which is the most important fact of this lawsuit and the basis of its Declaratory Relief is that the Plaintiff is the owner of **"the property"** which is a shopping center made up of seven (7) individual premises, and is described on the Declarations Page of the Policy of Insurance as "building". See Declaration Pages attached hereto and incorporated herein by reference as **Exhibit "A"**.

3. Defendant also states as its basis for denial an exclusion under the vacancy provision of the

2

policy that vandalism and theft are not covered losses. However, Plaintiff's loss was caused by a burglary. See the Policy attached hereto and incorporated herein by reference as **Exhibit "B"**. See also the police report attached hereto and incorporated herein by reference as **Exhibit "C"**.

4. The policy excludes payment of a claim if the **"building"** has a 31% vacancy and has been vacant for more than 60 consecutive days. One question of fact pending for the trier of fact is the definition and interpretation of the policy language for the term "building". See **Exhibit "B"**.

5. Defendant's "Statement of Undisputed Facts" states that "the building" had not been occupied. It thereafter cites to the Description of Terms in the policy of "Vacancy" – which again relates to the definition of a "building" where, here, the Defendant purports in its Motion for Final Summary Judgment:

> 6.(a)(1) "…..building means the entire building" – therefore there is a dispute of material fact as to the definition of building, to wit: per the declarations page wherein it includes 7 premises. See **Exhibit "A"** attached hereto.

6. On the Declarations' pages, Under "Description of Premises", it is clear that there is only one (1) "Building" which represents the entire shopping center, and there are seven (7) separate premises/structures that, as a whole, make up the "building"/shopping center, for purposes of this Insurance Policy. (Bldg. No. 1 is the only building mentioned, and the "premises/structures" are given separate numbers as reference points). See **Exhibit "A"**.

7. The interpretation as requested by the Declaratory Relief is not a simple one as alleged by the Defendant of whether the unit was vacant at the time the damage occurred, but the determination of what constitutes the meaning of the "insured location," "insured premises" and "building," and thereafter, whether this particular unit was 31% of the "insured location,"

3

"insured premises" or "building" which it clearly is not, based on the total size of this commercial property. Attached hereto and incorporated herein by reference as **Exhibit "D"** is the Affidavit of David Ezagui, owner of Plaintiff, JJD company herein. See paragraph 3 above and the Affidavit of David Ezagui, **Exhibit "D"** attached.

8. A second material issue of genuine fact is whether this unit, which was burglarized, is 31% of the covered property per the policy of insurance.

9. A third issue of material fact is whether the denial basis is relevant under the circumstances of this claim; ie. the denial basis does *not* encompass a burglary, as was the cause of the damages. See copy of the Police Report attached hereto and incorporated herein by reference as **Exhibit "C"**.

10. Additionally, the Affidavit of David Ezagui, creates further issues of fact as to the issue of "vacancy" as the agent for the center has gone into the location several times after the tenant left, and the maintenance personnel frequent the premises and kept a ladder and tools in that area which he used to repair the center. See paragraphs 11-13 of Affidavit of David Ezagui attached hereto and incorporated herein by reference as Exhibit **"D"**.

11. The three issues as raised above are the contested central issues to the case at hand and therefore the granting of Summary Judgment would be error.

12. Moreover, to date, Plaintiff has not been afforded the opportunity to take the depositions of the Defendant and therefore without same cannot be knowledgeable of the testimony of the insurer with respect to the issues at hand.

13. Defendant has made an attempt to circumvent the taking of Defendant's depositions and prevented Plaintiff from obtaining discovery documents which has prejudiced the Plaintiff.

14. Defendant filed a Motion for Protective Order on June 23, 2011, to prevent said depositions

4

**[DE-25]**, which this Honorable Court denied in part **[DE-32]** July 5, 2011, and Plaintiff must be afforded the opportunity to depose Defendant regarding the issues and facts of this case, especially what its intentions of the word "Building" were to be construed as meaning when drafting the policy.

15. There are several genuine issues of material fact which preclude summary judgment, as well as outstanding discovery which is needed to determine key components of the issues set forth above.

16. Defendant, simultaneous to its filing of a motion for Final Summary Judgment has filed a Motion for Rule 11 Sanctions, which should be stricken based on the aforementioned.

## MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to the entry of summary judgment in its favor as a matter of law, when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also* Anderson v. Liberty Lobby 477 US at 255, 106 S Ct 2505; *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2584, 91 L.E.2d 265 (1986) (wherein the Court emphasizes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'"). As a general rule, a party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material

5

fact." *Celotex Corp.*, 477 U.S. at 323. All the relevant facts in a motion for summary judgment are construed in the manner most favorable to the non-moving party. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). To defeat a Motion for Summary Judgment, the non-movant must provide more than a "metaphysical doubt" as to the important facts in the case, and make a sufficient showing on each essential element of the case for which it has the burden of proof. *Id.*; See also *Celotex*, 477 U.S. at 323. Based on the facts of this case, and the evidence set forth in its Response to Defendant's Motion for Final Summary Judgment, it is clear Plaintiff has provided more than a "metaphysical doubt," for which Defendant's Motion for Summary Judgment must be denied.

It is well known that the Federal Courts look to and follow the state court's standards and holdings when interpreting insurance contracts. Florida courts view insurance policies as contracts of adhesion and therefore understand that the protection of the policyholder is paramount. *See U.S. Fire Ins. Co. v. Fleekop*, 682 So. 2d 620, 627 (Fla. 3rd DCA 1996). Since the Florida policyholder is in the weaker position of the financial arrangement, Florida courts find that insurance policies, as well as the insurance code will be construed in favor of the policyholder. *See Bankers Life and Cas. Co. v. Vadra*, 563 So. 2d 200 (Fla. 3rd DCA 1990). After first examining the natural and plain meaning of a policy's language, if the Court determines that the language of the policy is ambiguous, the Court will resolve the ambiguity in favor of the insured, JJD, and against the insurer, AMERICAN. *Siegle v. Progressive Consumer Insurance Co.*, 819 So.2d 732, 735 (Fla. 2002).*See also Golden Door Jewelry Creations, Inc., v. Lloyds Underwriters Non-Marine Association*, 117 F.3d 1328, 1337 (11th Cir. 1997). Further, since the insurance company drafted the policy of insurance, Florida Courts are obliged to construe the insurance policy language favorably to the insured and interpret the policy to

6

TOPKIN & EGNER, P.L.
1166 W. NEWPORT CENTER DR. SUITE 309 • DEERFIELD BEACH, FL 33442
TELEPHONE (954)-422-8422 • FAX (954)-422-5455

provide coverage whenever possible. See *Lincoln Ins. Co. v. Home Emergency Services, Inc.*, 812 So. 2d 433 (Fla. 3rd DCA 2001); *Infinity Yachts, Inc. v. St. Paul Fire & Marine Ins. Co.*, 655 So. 2d 1259 (Fla. 4th DCA 1995); and *Bethel v. Security Nat. Ins. Co.*, 949 So. 2d 219 (Fla. 3rd DCA 2006). When looking at a policy of insurance, Florida courts are to review coverage clauses and construe them in the broadest manner to effect the greatest extent of coverage to the policyholder. See *Farrer v. U.S. Fidelity & Guar. Co.*, 809 So. 2d 85 (Fla. 4th DCA 2002); *Akel v. Dorcelus*, 793 So. 2d 1049 (Fla. 4th DCA 2001); *and Northbrook Property & Cas. Ins. Co. v. R & J Crane Service, Inc.*, 765 So. 2d 836 (Fla. 4th DCA 2000).

Since insurance is purchased to protect Florida citizens and property, the courts insist that contracts of insurance should receive a construction that is practical and reasonable as well as just. See *Allison v. Imperial Cas. & Indem. Co.*, 222 So. 2d 254 (Fla. 4th DCA 1969). If the Court finds that a policy term or provision has more than one meaning, then it must not allow an insurer to apply a narrow or restrictive interpretation of the coverage provided. See *Lenhart v. Federated Nat. Ins. Co.*, 950 So. 2d 454 (Fla. 4th DCA 2007).

When interpreting an insurance contract, courts must consider the intent and reasonable expectations of the parties and the courts must evaluate not only the policy but also the insured's knowledge and understanding as a layman and what his normal expectation of the coverage afforded under the policy. See *American Strategic Ins. Co. v. Lucas-Solomon*, 927 So. 2d 184 (Fla. 2nd DCA 2006). Since the policy must be reviewed in light of the ordinary person, where more than one interpretation can be given to an insurance policy's language, courts will rely upon the one providing coverage to the insured. See *Graber v. Clarendon Nat. Ins. Co.*, 819 So. 2d 840 (Fla. 4th DCA 2002); *Mierzwa v. Florida Windstorm Underwriting Ass'n*, 877 So. 2d 774 (Fla. 4th DCA 2004).

7

Additionally, insurance policies must be construed against the insurance company and in favor of the insured and in favor of the insurance coverage. *Bethel v. Security National Insurance Co.*, 949 So.2d 219, 222 (Fla. 3d DCA 2007). "Policy provisions that tend to limit or avoid liability are interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy, and exclusions to coverage are construed even more strictly against the insurer than coverage clauses." *Id.*

American Empire's motion for summary judgment cannot prevail as a matter of law when interpreting the policy of insurance as applied to the facts of this loss and Florida law. Since Florida law requires that the policy of insurance be read to provide the broadest coverage possible and infer all ambiguities against the drafter, American Empire's denial of this claim should be barred, coverage should be afforded to Plaintiff, JDD, and Defendant's Motion for Summary Judgment should be denied. As the representative for JJD stated in his affidavit, his interpretation of the policy of insurance and understanding of the contract that he entered into with American Empire was for the entire commercial property and not just for the one building that was damaged in the burglary. This understanding was ratified and self evident by looking at the policy declarations page which incorporates all of the commercial property under one policy number. As JJD has stated, the loss location, as compared to the total square footage of the entire property, would not be close to 31% vacancy of the entire property which could possibly trigger a policy exclusion and justify the wrongful claim denial.

In addition, American Empire has mistakenly relied on the policy exclusion of theft to deny this claim. This loss was a result of burglary. These are two (2) different, separate and distinct causes of loss under Florida law. *Burglary* has its own chapter under *Fla. Stat. § 810* and Theft has its own chapter which is *Fla. Stat. §812*. American Empire's attempts to confuse

8

the court and interchange the two in order to again justify its wrongful claim denial must be rejected. Burglary, which is the case here, is not an exclusion under the policy of insurance that would trigger a policy exclusion, and the cause of loss for this claim, is defined by Fla. Stat. Sec. 810.02.

In conclusion, based on the foregoing issues of fact, American Empire's prematurely filed motion for summary judgment must be denied as a matter of law because there are genuine issues of fact that are to be decided by the trier of fact.

**WHEREFORE,** the Plaintiff, JJD ASSOCIATES OF PALM BEACH, LTD, hereby files this Response to Defendant/Counter Plaintiff's Motion for Final Summary Judgment and requests this court enter an Order Denying Defendant/Counter Plaintiff's Motion for Final Summary Judgment.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing document was electronically filed with the Clerk of the Court and Morris D. Pataky, Esquire, Fowler, White, Burnett, P.A., One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394 using CM/ECF on this **12th** day of July 2011.

> TOPKIN, EGNER, PARTLOW & RADER, P.L.
> Attorneys for Plaintiff
> 1166 W. Newport Center Drive, Suite 309
> Deerfield Beach, Florida 33442
> (954) 422-8422
> (954) 422-5455 fax
> stopkin@aol.com
>
> By: /s/ Sanford R. Topkin
> SANFORD R. TOPKIN
> FBN: 948070

**Knoerr Ratliff Law Group**
*Attorneys for Plaintiff*
9900 West Sample Road, Ste. 330
Coral Springs, FL 33065
Telephone: 954.749.3151
Facsimile: 954.749.3890
ryan@krlg.net

/s/ Linda M. Knoerr
Linda M. Knoerr, Esquire
Florida Bar No. 0005363